1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

9

ANTONIO J. DELGADO, a married man,

10

Plaintiff,

11

v.

No. CV-13-3050-RHW

12

JPMORGAN CHASE BANK, N.A.,
successor in interest by purchase
from the Federal Deposit Insurance
Corporation as Receiver of
Washington Mutual Bank f/k/a
Washington Mutual Bank, FA;
NORTHWEST TRUSTEE
SERVICES, INC.; JOHN DOES
NOS. 1-50,

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

13
14
15
16
17
18

19

Defendants.

20

## BACKGROUND

21

On May 15, 2013, Defendants JPMorgan Chase Bank, N.A. ("Chase") and

22

Northwest Trustee Services, Inc. ("NWTS"), removed this case from Yakima

23

County Superior Court to this Court. ECF No. 1. Defendants then filed motions to

24

dismiss on June 18 and 21, 2013. *See* ECF Nos. 6, 8. Plaintiff Antonio J. Delgado

25

did not respond to Defendants' motions.

26

On September 27, 2013, the Court ordered Plaintiff to file a response to

27

Defendants' motions or face dismissal of this action, without prejudice. ECF No.

28

11. Plaintiff again failed to respond to the Court's Order.

**ORDER OF DISMISSAL WITHOUT PREJUDICE * 1**

**DISCUSSION**

It is well established that district courts have the authority to dismiss for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether to dismiss a case for failure to comply with a court order or failure to prosecute, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61; *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Similarly, "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants …." *Ferdik*, 963 F.2d at 1261. In the present action, the first two factors weigh in favor of dismissal. Here, Plaintiff failed to respond not only to Defendants' motions, but also to the Court's Order directing him to file a response or face dismissal of the action. This lack of response, not only to the Court's Order, but also to Defendants' prior Motions to Dismiss, clearly suggests that Plaintiff does not intend to litigate this case diligently. Also, the ongoing delay would hinder the Court's ability to manage its docket.

The third factor the Court must consider is the risk of prejudice to the Defendants. The Court must examine whether Plaintiff's actions impaired the Defendants' ability to go to trial or threatened to interfere with the rightful decision of the case. *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). "Limited delays and the prejudice to defendant from the pendency of a lawsuit are

**ORDER OF DISMISSAL WITHOUT PREJUDICE * 2**

realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The Court must also weigh whether prejudice is sufficient to support dismissal with consideration of the strength of Plaintiff's excuse for default. *See Malone*, 833 F.2d at 131. In the instant case Plaintiff has offered no excuse for his default. In addition, this case has been pending in this Court and the state court since at least April 18, 2013. *See* ECF No. 1 at 2. Moreover, the Court finds the complete lack of response by Plaintiff amounts to an unreasonable delay. In sum, this factor weighs heavily in favor of dismissal.

The fourth factor for the Court to consider is the public policy favoring disposition of cases on their merits. The Ninth Circuit has repeatedly found that public policy favors disposition of cases on the merits, therefore, this factor weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *Malone*, 833 F.2d at 133 n. 2.

The fifth factor for the Court to consider is the availability of less drastic alternatives. *See U.S. v. Nat'l Med. Enter.*, 792 F.2d 906, 913 (9th Cir. 1986) (the court must first consider the impact of the sanction and the adequacy of less drastic sanctions). "[C]ase law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement." *Malone*, 833 F.2d at 132-33. This factor weighs in favor of dismissal. Plaintiff was clearly instructed that he was required to file a response or face dismissal, as detailed in the Court's prior Order. *See* ECF No. 11. Moreover, Plaintiff was given sufficient time within which to comply. Plaintiff's complete lack of response to the Court's Order demonstrates an unwillingness to participate in prosecuting this action.

After carefully weighing each of the factors, the Court finds that four out of the five weigh in favor of dismissal. Accordingly, the Court orders dismissal of this case without prejudice.

**ORDER OF DISMISSAL WITHOUT PREJUDICE** * 3

Accordingly, **IT IS HEREBY ORDERED**:

1.  All pending and remaining claims and causes of actions in this matter are **DISMISSED** without prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and Plaintiff, and **CLOSE** the file.

**DATED** this 15th day of October, 2013.


_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge

**ORDER OF DISMISSAL WITHOUT PREJUDICE** * 4

q:\rhw\acivil\2013\delgado\order dismiss.docx